John P. Kristensen (SBN 224132)
**KRISTENSEN LAW GROUP**
120 Santa Barbara Street, Suite C9
Santa Barbara, California 93101
Telephone: 805-837-2000
*john@kristensen.law*

*Attorneys for Plaintiff*

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA BENGA, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a government entity; CYNTHIA LARIVE, CHANCELLOR, UNIVERSITY OF CALIFORNIA, SANTA CRUZ,<br><br>    Defendants. | Case No.: 5:24-cv-7679<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) Violation of Title IX, 20 U.S.C. § 1681; and<br>(2) Violation of 42 U.S.C. § 1983<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT; DEMAND FOR JURY TRIAL**
– 1 –

Plaintiff Lydia Benga complains against defendants the Regents of the University of California, and Cynthia Larive, Chancellor, University of California, Santa Cruz, as follows:

## I. **INTRODUCTION**

1. Plaintiff Lydia Benga ("Benga" or "Plaintiff") is a former student of the University of California, Santa Cruz ("UC Santa Cruz" or "UCSC" or "Defendants") who was stalked, harassed and preyed upon by another Leighton Savage ("Savage"), who USCS was aware of had, in the months before: (1) grabbed another student forcing them to touch him in a sexually gratifying manner without consent, and blocked the student from leaving the room; (2) attempted to force himself sexually on another student on an elevator and tried to kiss and touch a second student on the same elevator; (3) chased two students off of an elevator and force his way into a room, banging on the door to gain entrance.

2. Defendants permitted Savage to roam the campus despite clear evidence and reports that he was a threat to women at USCS.

3. Plaintiff met Savage, who was using a pseudonym at the time. She subsequently stopped communicating with Savage she as she had zero interest in any further encounters or communication with the Defendant. She blocked his number on her phone.

4. Subsequently, Plaintiff was at a party with a couple friends when she felt a tap on her shoulder. She turned around and saw Savage, who proceeded to lock his arm and extend his open palm in Plaintiff's face. He did not say a word as he walked away. Plaintiff, fearful and intimidated, left shortly thereafter.

5. Soon thereafter, during Thanksgiving Break 2022, Plaintiff remained on a slightly desolated campus. On the evening of November 24, 2022, Plaintiff received a sexually explicit text message from an unfamiliar number. She asked who it was, but the sender did not answer the question, replying only that he knew her and stating intimate physical details. Plaintiff then responded by telling the

sender not to contact her again.

6. On November 25, 2022, Savage sent one final text, saying he would have to "deliver the message in person."

7. Plaintiff, fearing for her safety, called the police, who advised her to change locations. She subsequently spent that weekend at a friend's apartment out of fear of what the person behind the texts, who she realized was Savage, may do to her.

8. Plaintiff then reported Savage's conduct UCSC which, after conducting an investigation, expelled Savage and barred him from entering the university campus.

9. Plaintiff only later discovered that UCSC was aware of numerous prior acts of sexual assault and harassment by Savage, and had done nothing to ensure the safety of its students.

10. As a result of Savage's actions, Plaintiff was severely traumatized and was unable to complete the Winter 2022 quarter. Instead, she went home early for the sake of her mental health.

## II. JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

11. This action is brought under Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) and 42 U.S.C. § 1983.

12. Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and § 1343(3) (civil rights).

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in the County of Santa Cruz, California, which is located in the Northern District of California.

14. Since the acts or omissions which give rise to Plaintiff's claims occurred in the County of Santa Cruz, Pursuant to Local Rule 3.2(c), this action must be assigned to the San Jose division of the Northern District Court.

///

### III. PARTIES

15. Plaintiff Lydia Benga was, at the time of the events described herein, a student at UCSC residing in student housing on the UCSC campus in Santa Cruz, California.

16. Defendant Regents of the University of California is a public agency within the meaning of Cal. Gov't Code § 7920.525(a) and is empowered under the California Constitution, Article IX, Section 9, to administer the University of California, including the University of California, Santa Cruz. The Board of Regents is the governing body for the University of California system and under Article IX, Section 9, of the California Constitution has "full powers of organization and government." The Board of Regents has its principal place of operation in Oakland, California.

17. Defendant Cynthia Larive is and was at all times described herein the Chancellor of UCSC. As Chancellor, her responsibilities included creating and implementing policies to address student misconduct.

### IV. STATEMENT OF FACTS

18. Prior to the acts described above, UCSC had been made aware of numerous instances of stalking, harassment, and sexual assault by Savage.

19. On June 20, 2022, Savage invited another student to his room, forced the student to touch him, touched the student without consent, and physically blocked the student from leaving his room. UCSC allegedly investigated, but took no action against him.

20. On June 22, 2022, Savage attempted to force himself on a student in an elevator and forcibly kissed another student in the same elevator. UCSC once again claimed to have investigated, and once again took no action against Savage.

21. On June 24, 2022, Savage chased two students off an elevator and into a room, then attempted to force his way into the room. That same day, he also followed those students to a different room and banged loudly on the door to

1  attempt to gain entrance. UCSC yet again claimed to have investigated, and yet
2  again declined to take action.
3       22.   All of the above incidents occurred on UCSC's campus. Defendants
4  were aware of each of these incidents shortly afterwards.
5       23.   Subsequently, on November 24, 2022, Plaintiff saw Savage at the
6  dining hall while campus was near-empty over Thanksgiving break. Later that day
7  Savage sent the following text message to Plaintiff:



**COMPLAINT; DEMAND FOR JURY TRIAL**
– 5 –

24.  To sum up, UCSC was aware of Savage having harassed, stalked, and assaulted no less than five other students in a four-day period, and still elected not to act to protect its students from Savage.

25.  Had UCSC removed Savage from its campus after the above incidents, he would not have had the opportunity to stalk and harass Plaintiff.

26.  As evidenced by UCSC's repeated failure to adequately investigate allegations of harassment against Savage and do nothing, despite knowing he was a threat to other students, it was UCSC's pattern, practice, or policy to conduct such inadequate investigations.

27.  Savage's stalking continued. On November 28, 2022, Plaintiff was staying at her friend's campus apartment to avoid Savage. Plaintiffs was fearful after the threatening text. Plaintiff was at the weekly RA meeting at the Oaks Learning Center on Campus, and afterwards Plaintiff was walking towards Rachel Carson college to her friend's apartment. Plaintiff walked out across Oaks upper lawn and towards a dark secluded trail. Plaintiff was concerned, and she turned and saw Savage following her, ten to fifteen feet behind her. Nobody else was outside, and it was dark. Savage clearly had been creeping up on Plaintiff and walking in her blind spots before she turned around. Plaintiff saw Savage, froze up for a second, then turned around and ran full speed back to the Oaks Learning Center. Plaintiff found her boss, who she had warned about Savage earlier that day. Plaintiff informed her boss that Savage had been waiting to follow her outside as she left Oaks Learning Center and was beginning to cross campus in the dark.

28.  That night Plaintiff went to the police. Plaintiff left campus early that semester.

## FIRST CAUSE OF ACTION

### VIOLATION OF TITLE IX, 20 U.S.C. § 1681

**(Against all Defendants)**

29.  Plaintiff hereby incorporates by reference and re-alleges each and

every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

30. UCSC operates an education program or activity receiving federal financial assistance. Under Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681, the school may not exclude any person, on the basis of sex, from the participation in any education program or activity receiving federal financial assistance, or deny benefits on the basis of sex or subject that person to sex based discrimination.

31. Savage's conduct toward Plaintiff created an intimidating and hostile educational environment, as evidenced by Plaintiff needing to end her quarter early.

32. Savage's harassment of Plaintiff was so severe, pervasive and persistent and so objectively offensive that it effectively barred Plaintiff access to educational opportunities or benefits, or limited her ability to participate in, or benefit from, the education program, and/or created a hostile or abusive educational environment.

33. UCSC failed to protect Plaintiff from Savage's harassing and hostile actions because it failed to discipline or remove him from campus after his numerous prior acts. Had UCSC done so, Savage would not have had the opportunity to come into contact with Plaintiff.

34. As a direct and proximate result of this conduct, Plaintiff has suffered damages for which she is entitled to compensatory damages and injunctive relief, and because she has been compelled to employ attorneys, is entitled to attorneys' fees pursuant to 42 U.S.C. §1988(b).

## SECOND CAUSE OF ACTION

### DEPRIVATION OF FEDERAL RIGHTS, 42 U.S.C. § 1983

**(Against all Defendants)**

35. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint,

as though fully set forth herein.

36. By engaging in the above described misconduct and by acting pursuant to its custom, practice and policy, UCSC, acting under the color of state law, violated Plaintiff's federally protected civil rights under 42 U.S. C. § 1983, including Plaintiff's right to be free from discrimination on the basis of sex.

37. As a direct result of the aforementioned acts, Plaintiff has suffered and continues to suffer from humiliation, anxiety, indignity, and mental and emotional anguish.

38. Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Punitive and exemplary damages against Defendants;
4. For declaratory and injunctive relief ordering Defendants to enact policies and procedures in training in conforming with all State and Federal laws prohibiting sexual harassment and discrimination at UC-Santa Cruz and which provide for prompt, equitable and effective resolution of complaints about sexual harassment and stalking, in addition to providing such conduct to its employees;
5. Costs of suit incurred, reasonable attorneys' fees incurred; and
6. Such other relief as the Court deems necessary and proper.

Dated: November 5, 2024

**KRISTENSEN LAW GROUP**

*/s/ John P. Kristensen*

John P. Kristensen
***Attorneys for Plaintiff***

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues that may be decided by jury.

Dated:  November 5, 2024

**KRISTENSEN LAW GROUP**

*/s/ John P. Kristensen*

John P. Kristensen
***Attorneys for Plaintiff***

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is:

120 Santa Barbara Street, Suite C9, Santa Barbara, CA 93101

On Tuesday, November 05, 2024, I served the foregoing document described as:

**PLAINTIFFS' NOTICE OF POSTING JURY FEES**

[X]   by placing [ ] the original  [X] copies addressed as follows:

**[X] VIA ELECTRONIC TRANSMISSION**

| | |
|---|---|
| Harry A. Safarian<br>**THE SAFARIAN FIRM, APC**<br>3150 Montrose Avenue<br>Glendale, California 91214<br>Telephone: 818-334-8528<br>Fax: 818-334-8107<br>hs@safarianfirm.com<br><br>*Attorneys for Defendants I&I Sports Supply, Inc.* | Ethan Nelson<br>**LAW OFFICE OF ETHAN H. NELSON**<br>4 Park Plaza, Suite 1025<br>Irvine, CA 92614<br>Ph: 949-229-0961<br>Fax: 949- 861-7122<br>EthanNelsonEsq@gmail.com<br><br>*Attorneys for Defendants Major Surplus & Survival, Inc.* |

**[ ]**     (BY MAIL) I am familiar with the practice of Kristensen Law Group for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Kristensen Law Group, Santa Barbara, California, following ordinary business practices.

**[ ]**     (BY FEDEX or OTHER OVERNIGHT) I am familiar with the practice of Kristensen Law Group for collection and processing of correspondence for delivery

by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx or other Overnight Services that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx or other Overnight Services with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Kristensen Law Group, Santa Barbara, California, following ordinary business practices.

[ ]   (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the aforementioned addressee(s).

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on Tuesday, November 05, 2024, at Santa Barbara, California.

                                                                               */s/ John P. Kristensen*
                                                                                John P. Kristensen