MARIA M. LAMPASONA, State Bar No. 259675
lampasona@rankinlaw.com
DAMON M. THURSTON, State Bar No. 186861
thurston@rankinlaw.com
RANKIN, SHUEY, MINTZ,
LAMPASONA & HARPER
475 City Center
475 14th Street, Suite 650
Oakland, CA 94612
Telephone Number: (510) 433-2600
Facsimile Numbers: (510) 433-2699

Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

JOHN P. KRISTENSEN, State Bar No. 224132
john@kristensen.law
KRISTENSEN LAW GROUP
120 Santa Barbara Street, Suite C9
Santa Barbara, CA 93101
Telephone Number: (805) 837-2000

Attorney for Plaintiff
LYDIA BENGA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LYDIA BENGA, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a government entity,<br><br>　　　　　Defendant. | Case No. 5:24-cv-07679-NW<br><br>*Assigned for all purposes to Judge Noël Wise*<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Rule 16-9 of the Local Rules of the Northern District of California, and by the Standing Order for All Judges of the Northern District of California. Plaintiff LYDIA BENGA ("Plaintiff") and Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Defendant") hereby file the following

Joint Case Management Statement.

**I.   JURISDICTION AND SERVICE:**

Subject Matter Jurisdiction:

The Court has subject matter jurisdiction over Plaintiff's action on the basis that it is brought pursuant to 20 U.S.C. section 1681.

Personal Jurisdiction:

The parties do not dispute that the Court has personal jurisdiction over the parties that have appeared in the action.

Venue:

The parties submit that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred within this judicial district, namely, within Santa Cruz County on the campus of University of California, Santa Cruz.

Service:

The parties do not have any dispute regarding service and do not anticipate adding new parties to the action.

**II.   FACTS:**

Plaintiff's Factual Allegations:

On June 20, 2022, Savage invited another student to his room, forced the student to touch him, touched the student without consent, and physically blocked the student from leaving his room. UCSC allegedly investigated, but took no action against him.

On June 22, 2022, Savage attempted to force himself on a student in an elevator and forcibly kissed another student in the same elevator. UCSC once again claimed to have investigated, and once again took no action against Savage.

On June 24, 2022, Savage chased two students off an elevator and into a room, then attempted to force his way into the room. That same day, he also followed those students to a different room and banged loudly on the door to attempt to gain entrance. UCSC yet again claimed to have investigated, and yet again declined to take action.

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER
475 14TH Street, Suite 650
Oakland, CA 94612

On November 24, 2022, Plaintiff saw Savage at the dining hall while campus was near-empty over Thanksgiving break. Later that day Savage sent the following text message to Plaintiff:



Savage's stalking continued. On November 28, 2022, Plaintiff was staying at her friend's campus apartment to avoid Savage. Plaintiff was fearful after the threatening text. Plaintiff was at the weekly RA meeting at the Oaks Learning Center on Campus, and afterwards Plaintiff was walking towards Rachel Carson college to her friend's apartment. Plaintiff walked out across Oaks upper lawn and towards a dark secluded trail. Plaintiff was concerned, and she turned and saw Savage following her, ten to fifteen feet behind her. Nobody else was outside, and it was dark. Savage clearly had been creeping up on Plaintiff and walking in her blind spots before she turned around. Plaintiff saw Savage, froze up for a second, then turned around and ran full speed back to the Oaks Learning Center. Plaintiff found her boss, who she had warned about Savage earlier that day. Plaintiff informed her boss that Savage had been waiting to follow her outside as she left Oaks Learning Center and was beginning to cross campus in the dark.

Defendant's Factual Allegations:

Defendant contends that its Title IX office received a single complaint from Plaintiff regarding harassment by a fellow student (as identified above) in November 2022. In response,

Defendant's Title IX office conducted an investigation into Plaintiff's complaint which sustained some, but not all, of Plaintiff's allegations. As a consequence of the investigation, Defendant imposed discipline against the accused student including dismissal from the University of California and an indefinite exclusion of the accused student from all University of California properties.

Prior to Plaintiff's complaint to Defendant's Title IX office, in June 2022, Defendant received information related to the accused student's alleged behavior towards three other female students on campus. Defendant conducted interviews with students regarding the accused student's alleged behavior but was unable to make a factual finding concluding that the accused student's behavior had occurred toward other female students.

## III. **LEGAL ISSUES:**

As Plaintiff asserts a single cause of action against Defendant pursuant to Title IX, the central legal issue is whether the evidence supports a finding that Defendant violated Plaintiff's protections under Title IX. To prevail on a Title IX claim, a plaintiff must establish all of the following elements. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 651 (1999).

First, the school must have exercised substantial control over both the harasser and the context in which the known harassment occurred. *Id.* at 645.

Second, the plaintiff must have suffered harassment "that is so severe, pervasive, and objectively offensive that it can be said to deprive the [plaintiff] of access to the educational opportunities or benefits provided by the school." *Id.* at 650.

Third, a school official with "authority to address the alleged discrimination and to institute corrective measures on the [school's] behalf" must have had actual knowledge of the harassment. *Id.* at 650; *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 739 (9th Cir. 2000).

Fourth, the school must have acted with "deliberate indifference" to the harassment, such that the school's "response to the harassment or lack thereof [was] clearly unreasonable in light of the known circumstances." *Davis, supra*, 526 U.S. at 648. A "negligent, lazy, or careless" response will not suffice to give rise to liability. *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006). Instead, the plaintiff must demonstrate that the school's actions amounted to an

official decision not to remedy the discrimination. *Id.*

And fifth, the school's deliberate indifference must have "subject[ed the plaintiff] to harassment." *Davis*, *supra,* 526 U.S. at 644. Put differently, the school must have "cause[d the plaintiff] to undergo harassment or ma[d]e [the plaintiff] liable or vulnerable to it." *Id.* at 645; *Karasek v. Regents of the Univ. of Cal.*, 956 F.3d 1093, 1105 (9th Cir. 2020). The test for deliberate indifference is "whether a reasonable fact-finder could conclude that the [school]'s response was clearly unreasonable in light of the known circumstances." *Oden, supra,* 440 F.3d at 1089. To meet this standard there must, in essence, be an official decision not to remedy the violation and this decision must be clearly unreasonable. *Davis*, *supra* 526 U.S. at 649.

### IV.   MOTIONS:

There are no pending motions as of the filing of this statement.

Defendant anticipates filing a motion for summary judgment.

### V.   AMENDMENTS OF PLEADINGS:

Plaintiff has amended her complaint once in conjunction with the meet and confer process regarding her claims. The parties do not anticipate further amendments to the pleadings; however, if new information during discovery reveals new theories of liability or defenses, the parties reserve their respective rights to seek leave from the Court to amend the complaint and/or answer correspondingly.

### VI.   EVIDENCE PRESERVATION:

The parties certify (Defendant by and through its undersigned counsel) that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and hereby confirm that they have met and conferred pursuant to Fed.R.Civ.P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### VII.   DISCLOSURES:

Defendant served its Fed.R.Civ.P. 26 initial disclosures on February 28, 2025. Plaintiff's counsel was diagnosed with a recurrence of cancer approximately two weeks ago and as a result there has been a brief delay in Plaintiff's initial disclosures.

**VIII.  DISCOVERY:**

No discovery has been served or completed to date. Plaintiff has served initial interrogatories and document requests. Plaintiff anticipates being able to complete depositions by June 2025.

Once initial disclosures are completed, Defendant intends to take the depositions of Plaintiff, percipient witnesses identified in Plaintiff's written responses to discovery, percipient witnesses with knowledge of key events and Plaintiff's claimed injuries and damages, Plaintiff's treating physicians and mental health treaters (to the extent that she received treatment for any claimed injuries), and any expert witnesses disclosed by Plaintiff. To the extent that relevant documents are not in the possession or control of either party, Defendant intends to subpoena relevant records from third parties including, but not limited to, the records of Plaintiff's treating physicians and mental healthcare treaters (to the extent that she received treatment for any claimed injuries).

Given the nature of the allegations in this action as well as the privacy interests of Plaintiff and other third parties (including Defendant's employees and students), the parties prepared and filed a stipulated protective order which was entered by the court on February 19, 2025. [DKT 28.]

**IX.  CLASS ACTION:**

This case is not a class action suit.

**X.  RELATED CASES:**

The parties are not aware of any related cases at this time.

**XI.  RELIEF:**

Plaintiff's position:

Plaintiff has pled for damages and injunctive relief.

Defendant's position:

As this is a Title IX case alleging peer-on-peer harassment, Plaintiff seeks both monetary damages and injunctive/declaratory relief. Defendant contends that Plaintiff is not entitled to damages because the evidence will not establish deliberate indifference on Defendant's behalf.

The scope of recoverable damages in a private action for violation of Title IX will be briefed for the Court before trial at the appropriate time. Further, Defendant contends that Plaintiff is not entitled to injunctive/declaratory relief because there is no present justiciable question or controversy between the parties.

**XII. SETTLEMENT AND ADR:**

The parties, through counsel, have met and conferred regarding potential ADR options but have not reached an agreement regarding available options. Plaintiff has indicated a willingness to mediate her claims using a private mediator. The Regents have not responded.

**XIII. OTHER REFERENCES:**

The parties do not believe that this case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XIV. NARROWING OF ISSUES:**

The parties have already significantly narrowed the issues in this litigation through the meet and confer process and Plaintiff's filing of an amended complaint, which dropped one named individual defendant and limited Plaintiff's claim to a single cause of action for violation of Title IX against the remaining Defendant.

**XV. SCHEDULING:**

The court has entered a scheduling order in this matter. [See, DKT 26.] The parties do not request any modification of that scheduling order.

**XVI. TRIAL:**

Plaintiff has demanded that this matter be tried to a jury. Defendant also seeks a jury trial. Plaintiff will try this case no more than three (3) to four (4) court days, exclusive of jury selection. Defendant estimates that trial of this matter will take no more than eight (8) days, inclusive of jury selection.

**XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Plaintiff: Plaintiff filed a certification of interested entities.

Defendant: Defendant filed a certification of interested entities.

## XVIII. PROFESSIONAL CONDUCT

Counsel for Defendant has reviewed and is familiar with the Guidelines for Professional Conduct for the Northern District of California. Counsel for Plaintiff has reviewed and is familiar with the Guidelines for Professional Conduct for the Northern District of California.

DATED: March 17, 2025

RANKIN, SHUEY, MINTZ, LAMPASONA & HARPER

By: _____*/s/ Damon M. Thurston*_____
Maria M. Lampasona
Damon M. Thurston
Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

DATED: March 17, 2025

KRISTENSEN LAW GROUP

By: _____*/s/ John P. Kristensen*_____
John P. Kristensen
Attorneys for Plaintiff
LYDIA BENGA

## SIGNATURE ATTESTATION

The e-filing attorney hereby attests that concurrence in the content of the document and authorization to file the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-file document.

Dated: March 17, 2025              _____*/s/ Damon M. Thurston*_____